| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Joseph L. Pittera, Esq.**<br>**1308 Sartori Avenue**<br>**Suite 109**<br>**Torrance, CA 90501**<br>**(310) 328-3588  Fax:  (310) 328-3063**<br>**170660**<br>**jpitteralaw@gmail.com** | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAR 17 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for Debtor* | |

**NOT FOR PUBLICATION**
**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| In re:<br><br>**Robin Washington Hamilton**<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:11-bk-53420-RK**<br>CHAPTER: **7**<br><br>**ORDER ☐ GRANTING ☒ DENYING MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**<br>☒ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |
|---|---|

**Creditor Holding Lien to be Avoided** (name):    **Tustin Community Bank**

The Motion was: ☐ Opposed ☒ Unopposed ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☐ Notice of this Motion complied with LBR 9013-1(o).

    a. ☐ There was no opposition and request for hearing.
    b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:
   a. Street address *(specify)*:   **2624 W. Billings Street, Compton, CA 90220**

   b. Legal description *(specify)*:   Lot 19 of Tract 17027 in the City of Compton,
County of Los Angeles State of California, as shown in Book 545, Page 46 to 49 of Maps in the Office of the County Recorder of said County       ☐ See attached page

4. Recording information regarding lien to be avoided:
   a. Date of recordation of lien *(specify):* July 29, 2009
   b. Recorder's instrument number or map/book/page number *(specify):*   **20091159038**

5. ☐ Motion granted:
   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)
   b. ☐ The judicial lien is hereby declared void and unenforceable:
     (1) ☐ In its entirety

     (2) ☐ In the following amount *only*: $_____. The balance of $_____ remains a valid and enforceable lien against the property.
   c. Unless otherwise ordered, any claim(s) that were secured by the avoided lien(s) are to be treated as general unsecured claim(s) and are to be paid pro-rata with all other unsecured claims.

6. ☒ Motion denied on the following grounds:     ☐ with prejudice     ☒ without prejudice
   a. ☒ Insufficient notice.  **See below.**

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☒ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).  **As to the alleged subject lienholder, Tustin Community Bank, and the other alleged lien holder, Ocwen Loan Servicing, Movant has failed to properly serve those lienholders with the motion and notice as required by Local Bankruptcy Rule 9013-1(o) and 4003-2(c), and Federal Rules of Bankruptcy Procedure 7004(b)(3) and 7004(h).  The address at which Movant served the subject lienholder, Tustin Community Bank, does not reflect the address listed on the Federal Deposit Insurance Corporation's "BankFind" feature, available at** https://research.fdic.gov/bankfind**, because it is missing the suite number.** *See* **Federal Rule of Bankruptcy Procedure 7004(h).  Further, the proof of service does not reflect any attempt to serve Ocwen Loan Servicing, which is required by Local Bankruptcy Rule 4003-2(c)(2).**

   d. ☒ Insufficient evidence of fair market value. **The court does not give credence to valuation opinions of lay witnesses, such as Movant, unless there is a detailed explanation and analysis of how they arrived at their valuation of the subject property based on scientifically accepted valuation principles (i.e., sales comparable analysis) with supporting market data, not just their say-so.  Federal Rule of Evidence 701;** *In re Meeks***, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); 2 Russell, Bankruptcy Evidence Manual, Section 701.2 at 845 (2015-2016).  This court generally requires an appraisal by a licensed real property appraiser or a licensed real estate broker or agent in a declaration under penalty of perjury based on an appropriate sales comparable analysis to support a lien avoidance motion under 11 U.S.C. § 522(f).**

   e. ☐ Motion is incomplete.

    f. ☒ Other (*specify*): **Movant has failed to submit admissible and credible evidence establishing the lien held by Ocwen Loan Servicing on the subject property as well as admissible and credible evidence of the amounts of its lien to determine impairment by the disputed lien. Local Bankruptcy Rules 4003-2(d)(3).**

7. ☐ The court further orders as follows (specify): **The court grants leave to Movant to file an amended motion to avoid lien which corrects these deficiencies within 60 days of entry of this order.**

    ☐ See Attached Page                           ###

Date: March 17, 2017

_____
Robert Kwan
United States Bankruptcy Judge